IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA H. MEYERS, )<br>)<br>Debtor/Appellant, )<br>)<br>vs. )<br>)<br>LAURA K. GRANDY, )<br>)<br>Trustee/Appellee. ) | Case No. 09-cv-0323-MJR |

## **MEMORANDUM AND ORDER**

REAGAN, District Judge:

    A.    <u>Procedural and Jurisdictional Overview</u>

On March 24, 2009, United States Bankruptcy Judge William V. Altenberger issued an Opinion and Judgment from which Chapter 7 Debtor Andrea H. Meyers appeals to this District Court. Subject matter jurisdiction lies under 28 U.S.C. § 158(a)("district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees … of bankruptcy judges entered in cases" referred to them under 28 U.S.C. § 157.)

This appeal was timely filed, and the parties have thoroughly briefed the questions presented herein. Although Meyers delineates nine sub-issues (e.g., whether the Bankruptcy Court erred in finding that income tax withholdings from post-petition earnings are property of the bankruptcy estate, whether the Bankruptcy Court erred in finding that the Trustee met her burden of establishing an entitlement to a portion of Meyers' tax refunds, etc.), the

1

crux of the appeal is whether Judge Altenberger erred in applying the "pro-rata by days" allocation method to Meyers' refunds. As summarized by Appellee Grandy ("the Trustee"), the question before this Court is: "Whether the Bankruptcy Court erred in applying the 'pro-rata-by-days' ... method to allocate a tax refund between pre-petition and post-petition periods to determine the value of the bankruptcy estate's portion of the Debtor's 2007 income tax refunds" (Doc. 9, p. 4).

In the Chapter 7 proceeding, the Trustee claimed a portion of Meyers' federal and state income tax refunds that accrued during the year the bankruptcy petition was filed (2007) but did not become payable to Meyers until *after* the tax year closed (December 31, 2007). The parties disagreed as to how much of the tax refunds should be considered part of the bankruptcy estate. Siding with the Trustee, the Bankruptcy Court found the bankruptcy estate entitled to $973.60 of the refunds ($815.01 federal + $158.59 state). Meyers contends that only $349.91 should have been included (Doc. 7, p. 2).[1]

---

[1] Meyers maintained that none of her $216 Missouri refund was part of the bankruptcy estate. Meyers reasoned that since her total state tax liability for the year ($1511) exceeded the amount of her Missouri income tax withholdings on the date the petition was filed, no part of the Missouri refund belonged to the bankruptcy estate. By contrast, the Trustee contended that $158.59 of the state refund was properly included in the estate, that figure representing 73.42% of the $216 Missouri refund (the percent deriving from the fact that 73.42% of the tax year had passed as of the date Meyers filed her bankruptcy petition). *See* Record on Appeal "ROA" from Bankruptcy Court, Doc. 34, pp. 6-7 & Doc. 36, p. 2.

With this overview, the Court turns to the standard governing its review.

### B. Applicable Standards of Review

Federal Rule of Bankruptcy Procedure 8013 provides that, on appeal, the District Court "may affirm, modify, or reverse a bankruptcy judge's … order … or remand with instructions for further proceedings." Rule 8013 further provides:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Case law of this Circuit similarly instructs that a bankruptcy judge's "[f]actual findings are reviewed for clear error; [and] legal conclusions are reviewed de novo." **In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007). Accord In re Crosswhite, 148 F.3d 879, 881 (7th Cir. 1998); Meyer v. Rigdon, 36 F.3d 1375, 1378 (7th Cir. 1994)(district court reviews bankruptcy judge's fact findings for clear error and legal conclusions de novo).**

This appeal challenges the allocation method a bankruptcy judge used to determine how much of a debtor's tax refunds should be included in the bankruptcy estate. This is a legal issue subject to de novo review. There are fact issues – and mixed questions of law and fact – subsumed in and overlapping this legal question, as Debtor Meyers points out in her brief (*see* Doc. 7, pp. 5-6). But this Court's task is to decide de novo whether the

3

Bankruptcy Judge erred in granting the Trustee's motion for (and overruling Meyers' objection to) the turnover relating to Meyers' tax refunds and whether the Bankruptcy Judge erred in calculating the portion of those refunds that constituted property of the bankruptcy estate.

### C. Analysis

On September 25, 2007, Andrea Meyers filed for Chapter 7 bankruptcy protection. Months later, Meyers filed her 2007 federal and state income tax returns. The federal return reported gross taxable income of $44,136, federal withholding of $5,983, tax due of $2,661 (after all credits), and an overpayment of $3,322 (for which Meyers requested a refund). The Missouri return reported state tax due of $1,511, state withholding of $1,727, and an overpayment of $216 (for which Meyers requested a refund).

In August 2008, the Trustee appointed to administer Meyers' estate filed a Motion for Turnover of the bankruptcy estate's share of the tax refunds, under 11 U.S.C. § 542. Meyers filed an objection to turnover on September 8, 2008, contesting the amount of the refunds sought to be included as property of the estate. Specifically, Meyers asserted that $1973.91[2] in *pre-petition* federal withholding was at issue and no part of the *post-petition* withholdings was part of the estate. Judge Altenberger heard oral argument on the Trustee's

---

[2] The pleadings actually refer to two different figures, $1973.61 and $1973.91 (*cp.* Doc. 7, p. 3 & ROA Doc. 34, pp. 5-6), likely just a typographical error.

4

motion for turnover September 15, 2008. On March 24, 2009, Judge Altenberger overruled Meyers' objection, granted the Trustee's motion, and ordered Meyers to turn over $973.60 as the bankruptcy estate's interest in the tax refunds. From that March 24th turnover ruling, Meyers appeals.

In seeking turnover of estate property, a bankruptcy trustee bears the burden of establishing (by clear and convincing evidence) a prima facie case for turnover. **Gorenz v. Illinois Department of Agriculture, 653 F.2d 1179, 1184 (7th Cir. 1981),** *citing* **2 Collier on Bankruptcy, P. 23.10 at 566 (14th ed. 1976), and** *Maggio v. Zeitz*, **333 U.S. 56, 68 (1948).** Once the trustee has established a prima face case for turnover, the burden of going forward shifts to the other party, but the ultimate burden of persuasion remains with the trustee at all times. **Gorenz, 543 F.3d at 1184.**

Here, in seeking turnover, the Trustee figured the bankruptcy estate's interest in the tax refunds using the "pro-rata by days" (PRBD) method. The Trustee took the date Meyers filed her Chapter 7 petition (the 268th day of the year) and calculated that Meyers' pre-petition interest in the refunds accrued for 268 days, so the estate's pro-rata share of the refunds was 268/365 or 73.42%. 73.42% of the total federal and state refunds ($3,538) amounted to a pre-petition pro-rata refund of $2,597.60.

Against this amount, the Trustee allowed an unclaimed "wildcard" exemption of $1264, leaving $973.60 to be included in the bankruptcy estate and subject to the turnover motion. Judge Altenberger adopted this approach

5

and, over Meyers' objection, found that $973.60 of the refunds was properly characterized as property of the estate.

On appeal, Meyers concedes that "case law is well settled that at least a portion of the income tax refund for the year in which the bankruptcy is filed may be a part of the bankruptcy estate" (Doc. 7, p. 9).  Indeed, courts routinely have held that part of a post-petition refund attributable to the debtor's pre-petition income is an asset of the bankruptcy estate under 11 U.S.C. § 542.

Both parties cite **Kokoszka v. Belford, 417 U.S. 642 (1974)**, and **Segal v. Rochelle, 382 U.S. 375, 376-79 (1966)**, for the general proposition that post-petition tax refunds are property of the bankruptcy estate under certain circumstances — *i.e.*, when property acquired by the debtor after the petition was filed is sufficiently "rooted" in the debtor's pre-bankruptcy past that it is only fair to include the property in the bankruptcy estate.

Meyers' 2007 tax refunds meet that test.  Income tax payments withheld from her wages *before* she filed for bankruptcy protection were based on her pre-bankruptcy conduct (earnings) and are sufficiently rooted in her "pre-bankruptcy past" to be defined as property of the estate.

Assuming that the "sufficiently rooted" test did not survive the enactment of the Bankruptcy Reform Act of 1978 (*see* Appellant's Brief, Doc. 7, p. 6), the refunds at issue here still are property of the bankruptcy estate under the Bankruptcy Code.  The Code broadly defines property of the estate to

encompass "all legal or equitable interests of the debtor in property as of the commencement of the case." **11 U.S.C. § 541(a)(1).** And § 542(a) directs anyone in possession or control of non-exempt property of the estate to deliver the property to the trustee (unless the property is of inconsequential value). Clearly then, the bankruptcy estate had a valid interest in the pre-petition portion of Meyers' post-petition tax refunds.

The dispute here is whether Judge Altenberger erred in applying the PRBD approach to compute *the amount* of the refunds which belonged in the bankruptcy estate. In other words, how much of Andrea Meyers' 2007 tax refunds belonged to the estate and were subject to turnover?

The Trustee advocated answering this question via the PRBD method – a temporal calculation, using the petition date as a cutoff for the bankruptcy estate's interest. As the Trustee explains: "The method allocates the tax refund based on the percentage of pre-bankruptcy days in the tax year; it calculates the ratio of the number of days from the start of the tax year to the petition date as compared to the total number of days in a tax year, and [it] applies that ratio to the total tax refund to determine the estate's interest in the refund." **Doc. 9, pp. 11-12,** *citing In re Trickett*, **391 B.R. 657, 661 (Bankr. D. Mass. 2008).**

Certainly, the PRBD approach is not the sole allocation method. Other methods are available and appropriate depending on the facts of the particular bankruptcy proceeding. But courts have found the PRBD method

7

applicable *specifically* in the situation at hand – to allocate tax refunds between pre- and post-petition periods.  **See, e.g., Trickett**, 391 B.R. at 661; **In re Matthews**, 380 B.R. 602, 609 (Bankr. M.D. Fla. 2007), **In re Schwinn**, 400 B.R. 295, 303 (Bankr. D. Kan. 2009).

Meyers advocated a different approach, the one taken in **In re Donnell**, 357 B.R. 386 (Bankr. W.D. Tex. 2006).  In **Donnell**, the trustee proposed the PRBD method.  After acknowledging that the pro-rata method was commonly employed in the reported authorities, the Texas bankruptcy court declared that it was not *mandatory* to use that approach to allocate a tax refund.  On the facts of the case before it, the court opted instead for a fact-based examination of whether the debtor truly possessed an interest in the refund as of the date of filing.  **Id. at 394**.  **Donnell** holds that the PRBD methodology is not the only method to determine what interest, if any, the debtor had in a tax refund on the day he filed his petition; other factors may be relevant to that assessment.

But nothing in the holding of **Donnell** disqualified the use of the PRBD method here or mandates the conclusion that Judge Altenberger *erred* in using it as to Andrea Meyers' refunds.  Meyers' case is distinguishable from **Donnell** and has been aptly distinguished by the Trustee (*see* Doc. 9, pp. 12-13).  For instance, in **Donnell** the debtors experienced a substantial post-petition *increase* in tax withholdings, whereas Meyers' withholdings saw little variance pre-petition to post-petition (17.6 % vs. 16.9 % of taxable earnings).

Meyers had a steady income through the tax year and had regular withholding of income taxes through the tax year. So although the pro-rata method may not have been the only approach available to Judge Altenberger, it was entirely appropriate for him to apply it, given the facts of the proceeding before him.

The Trustee correctly has noted (Doc. 9, p. 16) that the PRBD approach (a) allocates the tax liabilities between the pre- and post-petition periods, (b) approximates the proportionate share of tax liability for each period, and (c) minimizes the possibility that estate creditors' distributions will be diminished by the debtor's post-petition income. The undersigned Judge rejects Meyers' contention that this approach punishes the prudent debtor who generates post-petition earnings.[3] The PRBD method, as applied in the instant case, was a fair and equitable means of calculating pre-petition income and apportioning taxes.

Stated another way, the Trustee bore and sustained the burden of proof on the motion for turnover. She presented evidence proving that the estate had an interest in the tax refunds and that, after all exemptions were allowed, that interest was $973.60. Debtor Meyers argued that sufficient facts warranted application of an *alternative* allocation method (following **Donnell**),

---

[3] The Trustee also suggests that the PRBD method actually *benefits* the debtor in this case, "as she otherwise would be entitled to a much lower power of the tax refund" (Doc. 9, p. 8).

but she failed to rebut the Trustee's prima facie case. Judge Altenberger properly granted the Trustee's motion and ordered Meyers to turn over $973.60 (the estate's part of the federal and state tax refunds).

D. <u>Conclusion</u>

Having carefully reviewed the record before it (including the briefs, the ROA and supporting documentation), this Court finds that the Trustee sustained her burden on the turnover motion, that the PRBD approach was an appropriate method to value the pre-petition interest in the tax refunds, and that Judge Altenberger correctly applied the pro-rata by days allocation method herein. The Court **AFFIRMS** Judge Altenberger's Opinion and Judgment.

IT IS SO ORDERED.

DATED this 18th day of September 2009.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge